# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>UNKNOWN,<br><br>Defendant. | Case No.  1:13-cv-01462-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**ORDER (1) TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE, and (2) TO FILE PRISONER CIVIL RIGHTS COMPLAINT ON PROPER FORM**<br><br>**(ECF Nos. 2, 3, 12)**<br><br>**THIRTY DAY DEADLINE** |

This action was opened in the United States District Court for the Northern District of California on July 18, 2013 based upon Plaintiff's letter to the Honorable Thelton E. Henderson alleging that prison staff at Kern Valley State Prison ("KVSP") had participated in a "pattern of racketeering activity" and thereby created an "extremely dangerous and stressful prison environment." (ECF No. 1.)

Plaintiff was notified his action would be dismissed unless, by August 26, 2013, he submitted a complaint on the proper form and either paid the $400 filing fee or submitted a completed in forma pauperis ("IFP") application. (ECF Nos. 2, 3.) On

1

September 10, 2013, the case was ordered transferred to this Court. (ECF No. 12.)

The August 26, 2013 deadline has passed without Plaintiff filing a complaint on the proper form and either paying the $400 filing fee or submitting a completed in forma pauperis application.

## I. REQUIREMENT TO PROCEED IFP OR PAY FEE

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. He has not paid the $400.00 filing fee or submitted an application to proceed IFP pursuant to 28 U.S.C. § 1915.

Within thirty days from the date of this order, Plaintiff shall submit the attached application to proceed in forma pauperis, completed and signed, or in the alternative, pay the $400.00 filing fee for this action. No requests for extension will be granted without a showing of good cause. Within sixty (60) days of the date of service of this order, Plaintiff shall submit a certified copy of his/her prison trust statement for the six month period immediately preceding the filing of this action.

## II. REQUIREMENT TO SUBMIT CIVIL RIGHT COMPLAINT

Plaintiff's July 18, 2013 letter does not state a cognizable federal claim. 28 U.S.C. § 1915A(a).

### A. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. No Federal Claim Stated

#### 1. No Named Individual Defendants

Plaintiff fails to name any defendant(s). Fed. R. Civ. P. 10(a). He may not proceed against unidentified defendants other than by naming "Doe" defendants.

Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 676. Rather, each government official, regardless of his or her title, is only liable

for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676–77.

Plaintiff may not attribute liability to groups generally. See Chuman v. Wright, 76 F.3d 292, 294–95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).

### 2. California Department of Corrections and Rehabilitation Immune from Suit

The California Department of Corrections and Rehabilitation ("CDCR"), allegedly engaged in racketeering, is immune from suit. The CDCR is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

### 3. Plaintiff May not Bring a Class Action

Plaintiff asserts this is a class action. However, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by Plaintiff rather than as a class action.

### 4. Plaintiff May not Bring Criminal Action

Plaintiff does not have an individual right of action to enforce criminal statutes cited in his letter to Judge Henderson.[1] Plaintiff may not file a criminal complaint. 28 U.S.C. § 547; Ivey v. National Treasury Employees Union, No. 05-1147 (EGS), 2007 WL 915229, *5 (D.D.C. Mar. 27, 2007); see also Figueroa v. Clark, 810 F.Supp. 613,

---

[1] Plaintiff cites to 18 U.S.C. §§ 241-242, 1512-1513, 1693, 1701-1703, 1951, 1959, 1961-1968.

615 (E.D.Pa. 1992) (plaintiff "cannot bring criminal charges against defendants through a private lawsuit,"). Moreover, where federal statutes contain provisions for criminal penalties, citizen suits, judicial review, or even administrative proceedings alone, the Supreme Court has found the remedial scheme sufficiently comprehensive to foreclose an independent § 1983 cause of action. See City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 121-22 (2005); see also Buckley v. City of Redding, 66 F.3d 188, 191-92 (9th Cir. 1995).

### III.     **FAILURE TO PROSECUTE**

Plaintiff has not complied with Court orders that, by August 26, 2013, he submit a complaint on the proper form and either pay the $400 filing fee or submit a completed IFP application.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey an order, or failure to comply with local rules, the Court must consider several

factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendant(s), also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Plaintiff has not responded to Court orders (ECF No. 2, 3, 12).

## IV.     **CONCLUSIONS AND ORDER**

Plaintiff has not responded to Court orders for prosecution of this action.

Accordingly, it is HEREBY ORDERED THAT:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his letter to Judge Henderson filed July 18, 2013 (ECF No. 1);

2. Within thirty (30) days of service of this order, Plaintiff shall show cause as to why this action should not be dismissed for failure to comply with Court orders (ECF No. 2, 3, 12), or file a complaint on the proper form and either an application to proceed in forma pauperis, or pay the $400 filing fee; and

3. If Plaintiff fails to show cause, or file a complaint on the proper form and either file an application to proceed IFP or pay the $400 filing fee, it shall be recommended that this action be dismissed without prejudice for failure to obey Court orders and failure to prosecute, with all pending motions terminated.

IT IS SO ORDERED.

Dated:   September 30, 2013           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE