## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON, | Case No. 1:13-cv-01462-AWI-MJS (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF** |
| v. | |
| UNKNOWN, | **(ECF No. 11)** |
| Defendant. | **FOURTEEN DAY OBJECTION DEADLINE** |

### I.  PROCEDURAL HISTORY

This action was opened in the United States District Court for the Northern District of California on July 18, 2013 based upon Plaintiff's letter to the Honorable Thelton E. Henderson. That letter alleged that prison staff at Kern Valley State Prison ("KVSP") participated in a "pattern of racketeering activity," which led to an "extremely dangerous and stressful prison environment." On September 10, 2013, the case was ordered transferred to this Court.

Before the Court is Plaintiff's motion for injunctive relief. (ECF No. 11.) Plaintiff requests the Court order that (1) the "CDCR-Enterprise" be permanently enjoined from enforcing at all its institutions an "intra-racial segregation scheme" designed to strengthen the position of certain selected Hispanic inmate group(s) which engage in racketeering,

cause race riots, and target African American inmates, (2) the class of African American Level III, IV inmates, past, present and future, be certified in this action, (3) a declaratory judgment issue that the intra-racial segregation scheme is unconstitutional and a state created danger, and (4) counsel be appointed.[1]

## II.     ARGUMENT

Plaintiff is currently confined at KVSP. He claims the California Department of Corrections and Rehabilitation ("CDCR") is purposely strengthening certain Hispanic inmate groups or gangs at its institutions and conspiring with these groups or gangs in racketeering activities. This has and will result in race riots targeting African American inmates. He desires to bring this suit on behalf of a class of African American inmates.

Plaintiff argues appointment of counsel is necessary because the issues are many and complex, discovery will be extensive, and the CDCR Enterprise may engage in deceptive conduct.

## III.    ANALYSIS

### A.    Legal Standard

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008).

To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief

---

[1] Plaintiff's separate motion for the appointment of counsel was denied on October 4, 2013. (ECF No. 20.)

2

[sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

## B. No Basis for Injunctive Relief

### 1. No Federal Claim Stated[2]

#### a. No Named Defendants

Plaintiff does not in his letter identify any defendant(s). Fed. R. Civ. P. 10(a). He may not proceed against unidentified defendants.

Plaintiff must also link each named defendant to the alleged violation of his rights. Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676–77.

Plaintiff may not attribute liability to groups generally. See Chuman v. Wright, 76 F.3d 292, 294–95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).

#### b. CDCR Immune from Suit

Plaintiff alleges the CDCR is engaged in racketeering. However, the CDCR is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

#### c. Plaintiff May not Bring Class Action

Plaintiff seeks to bring a class action. However, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims

---

[2] Plaintiff has not complied with Court orders that he submit a complaint on the proper form. (ECF Nos. 2, 3, 12.)

3

to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by Plaintiff rather than as a class action.

### d.     Plaintiff May not Bring Criminal Action

Plaintiff does not have an individual right of action to enforce the criminal statutes cited in his letter to Judge Henderson.[3] Plaintiff may not file a criminal complaint. 28 U.S.C. § 547; Ivey v. National Treasury Employees Union, No. 05-1147 (EGS), 2007 WL 915229, *5 (D.D.C. Mar. 27, 2007); see also Figueroa v. Clark, 810 F.Supp. 613, 615 (E.D.Pa. 1992) (plaintiff "cannot bring criminal charges against defendants through a private lawsuit,"). Moreover, where federal statutes contain provisions for criminal penalties, citizen suits, judicial review, or even administrative proceedings alone, the Supreme Court has found the remedial scheme sufficiently comprehensive to foreclose an independent § 1983 cause of action. See City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 121-22 (2005); see also Buckley v. City of Redding, 66 F.3d 188, 191-92 (9th Cir. 1995).

### 2.     No imminent Harm

Plaintiff complains unnamed staff at KVSP have engaged in racketeering activity which has created a dangerous and stressful environment. However, the danger alleged is unspecified and unsupported by any factual basis. See City of Los Angeles, 461 U.S. at 101–102 (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Merely conclusory allegations against unnamed individuals are not sufficient for the Court to consider injunctive relief. Plaintiff fails to allege how he individually has been threatened

---

[3] Plaintiff cites to 18 U.S.C. §§ 241-242, 1512-1513, 1693, 1701-1703, 1951, 1959, 1961-1968.

with irreparable injury.

Plaintiff does not address the balance of hardships issue. Absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Connor, 515 U.S. 472, 482–83 (1995) (disapproving the involvement of federal courts in the day-today management of prisons).

### 3.  No Case or Controversy

Plaintiff has no cognizable claim pending in this action for the reasons stated above. Federal courts are courts of limited jurisdiction, and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles, 461 U.S. at 102; Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).

Further, Plaintiff may not enjoin unnamed individuals not before the Court. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

## IV.   LEGAL CONCLUSIONS AND RECOMMENDATIONS

Plaintiff fails to allege facts suggesting the need for and entitlement to injunctive relief. The undersigned recommends that Plaintiff's motion for injunction (ECF No. 11) be DENIED WITHOUT PREJUDICE.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a

copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 11, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE