# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | Case No. 1:13-cv-01462-AWI-MJS (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 32) |

This action was opened in the United States District Court for the Northern District of California on July 18, 2013 based upon a letter from Plaintiff, an inmate at Kern Valley State Prison ("KVSP"), to the Honorable Thelton E. Henderson alleging that prison staff participated in a "pattern of racketeering activity," which has led to an "extremely dangerous and stressful prison environment." On September 10, 2013, the case was transferred to this Court.

Pending before the Court is Plaintiff's motion seeking appointment of counsel on grounds prison staff has deprived him of unspecified legal materials, law library access and a typewriter, and a hand injury causes pain when writing.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand

1

1  v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154
2  F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent
3  Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the
4  Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances
5  the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).
6  Rand, 113 F.3d at 1525. However, without a reasonable method of securing and
7  compensating counsel, the Court will seek volunteer counsel only in the most serious and
8  exceptional cases. In determining whether "exceptional circumstances exist, the district
9  court must evaluate both the likelihood of success of the merits [and] the ability of the
10 [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues
11 involved." Id. Neither of these factors is dispositive and both must be viewed together
12 before reaching a decision on request of counsel under section 1915(d). Wilborn v.
13 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th
14 Cir. 2009).

15     The burden of demonstrating exceptional circumstances is on the Plaintiff. See
16 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
17 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x
18 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v.
19 Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x
20 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to
21 appoint counsel under 28 U.S.C. § 1915(e)(1).").

22     In the present case, the Court does not find the required exceptional circumstances.
23 The Court cannot make a determination at this early stage of the litigation that Plaintiff is
24 likely to succeed on the merits. The claims alleged do not appear to be novel or unduly
25 complex. The facts alleged to date appear straightforward and unlikely to involve any
26 extensive investigation and discovery.

27     Even if it is assumed that Plaintiff is not well versed in the law and that he has made
28 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately in writing. The Court does not find that at present he cannot adequately articulate his claims pro se.

Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel.[1]

For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No. 32) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   December 1, 2013                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, at *3–4 (S.D. Cal. 2011) (cases cited).

3