1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GEORGE HAMILTON,

        Plaintiff,

    v.

UNKNOWN,

        Defendant.

Case No. 1:13-cv-01462-AWI-MJS (PC)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL**

**(ECF No. 39)**

**CLERK DIRECTED TO FAX COPY OF ORDER TO LITIGATION COORDINATOR**

    This action was opened in the United States District Court for the Northern District of California on July 18, 2013, based upon a letter from Plaintiff, an inmate at Kern Valley State Prison ("KVSP"), to the Honorable Thelton E. Henderson alleging that prison staff participated in a "pattern of racketeering activity" which has led to an "extremely dangerous and stressful prison environment." On September 10, 2013, the case was transferred to this Court. On December 2, 2013, the Court denied, without prejudice, Plaintiff's motion for appointment of counsel. (ECF No. 34.)

    Before the Court is Plaintiff's motion seeking reconsideration of the Court's December 2, 2013 order denying counsel.

1

## I.   <u>LEGAL STANDARD</u>

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## II.   <u>ANALYSIS</u>

Plaintiff argues this case is exceptional for purposes of appointment of counsel because the RICO allegations raise complex issues, similar to those found cognizable yet not redressed in his previous litigation against CDCR staff. <u>See</u> <u>Hamilton v. Thomas Moore, et al.</u>, 1:04-cv-05129 OWW WMW PC. He also alleges prison staff refuse to document and accommodate his permanent hand injury which causes him pain when writing. Finally, he notes he has no access to an attorney directory.

Plaintiff does not point to anything in <u>Thomas Moore, et al.</u>,[1] an unrelated, non-RICO case dismissed without prejudice for failure to exhaust administrative remedies, that suggests a basis for reconsideration of the December 2, 2013 order. The record in <u>Thomas Moore, et al.</u> does not appear to support exceptional circumstances in this case, which arises from purported RICO claims made by Plaintiff in his July 18, 2013 letter to the Honorable Thelton E. Henderson. <u>Thomas Moore, et al.</u> was cited in Plaintiff's November 22, 2013 motion for counsel, previously considered by the Court, and remains unavailing.

Plaintiff's motion for reconsideration otherwise simply reargues matters previously considered by the Court. It does not identify any error of law or fact in the Court's previous order.

As stated in the December 2, 2013, order, Plaintiff does not show exceptional

---

[1] Judicial notice taken. Fed. R. Civ. P. 201(d); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir.1980).

circumstances supporting appointment of counsel. The Court can not find at this early stage of the proceeding, that Plaintiff is likely to succeed on the merits. The allegations to date do not appear to be novel or unduly complex or likely to involve any extensive investigation and discovery. The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately in writing. The Court does not find that at present Plaintiff cannot adequately articulate his claims pro se.

Nevertheless, the Kern Valley State Prison (KVSP) Litigation Coordinator shall be asked to inquire into Plaintiff's request for access to an attorney directory. The Clerk of the Court shall be directed to serve a copy of this order on the KVSP Litigation Coordinator via facsimile at (661) 720-4949.

## III.   ORDER

For the reasons stated above, it is HEREBY ORDERED that:

1.      Plaintiff's motion seeking reconsideration of the Court's December 2, 2013 order denying counsel (ECF No. 39) is DENIED, and

2.      The Clerk of the Court is directed to serve a copy of this order on the KVSP Litigation Coordinator via facsimile at (661) 720-4949.

IT IS SO ORDERED.

Dated:   __December 26, 2013__        __/s/ Michael J. Seng__
                                      UNITED STATES MAGISTRATE JUDGE

3