**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE HAMILTON, | Case No. 1:13-cv-01462-AWI-MJS (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| UNKNOWN, | **(ECF No. 15)** |
| Defendant. | **FOURTEEN DAY OBJECTION DEADLINE** |

I.      **PROCEDURAL HISTORY**

This action was opened in the United States District Court for the Northern District of California on July 18, 2013 based upon a letter from Plaintiff, an inmate at Kern Valley State Prison ("KVSP"), to the Honorable Thelton E. Henderson alleging that prison staff had participated in a "pattern of racketeering activity" which led to an "extremely dangerous and stressful prison environment." Plaintiff was notified his action would be dismissed unless, by August 26, 2013, he submitted a complaint on the proper form and either paid the $400 filing fee or submitted a completed in forma pauperis ("IFP") application. (ECF Nos. 2, 3.) The August 26th deadline passed without Plaintiff responding. On September 10, 2013, the case was transferred to this District.

On September 30, 2013, Plaintiff was again ordered to, no later than November 4, 2013, submit a complaint on the proper form and either pay the $400 filing fee or submit a complete IFP application, or otherwise show cause why the action should not be dismissed. (ECF No. 15.) Plaintiff was expressly advised in the order that his July 18, 2013 letter was

1

1  not a proper pleading and why it did not state any federal claim. Plaintiff later requested,

2  and was granted, an extension of the November 4 deadline to January 3, 2014. (ECF Nos.

3  26, 36.)

4         On January 2, 2014, Plaintiff responded to the September 30, 2013 order. (ECF No.

5  43.) However, he did not comply with the requirement to file a civil rights complaint on the

6  proper form or show good cause for his failure to do so.  Accordingly,  this action should be

7  dismissed.

8  **II.    PLAINTIFF'S POSITION**

9         Plaintiff is currently confined at KVSP. He claims the California Department of

10 Corrections and Rehabilitation ("CDCR") is purposely strengthening certain Hispanic

11 inmate groups or gangs at its institutions and conspiring with these groups or gangs in

12 racketeering activities. This has and will result in race riots targeting African American

13 inmates.

14        Plaintiff argues he is likely to succeed in class-action RICO civil claims against the

15 CDCR enterprise on behalf of African American inmates as alleged in his July 18, 2013

16 letter to Judge Henderson and in his separate motion for injunctive relief.

17        Plaintiff argues that he has been transferred to administrative Segregation and

18 separated from unspecified legal property, that he has a hand condition making it painful to

19 write, and that he is seeking professional counsel.

20        Plaintiff argues this Court lacks jurisdiction and is not a proper venue for his case.

21 **III.   ANALYSIS**

22        **A.    Failure to Obey Court Order and Failure to Prosecute**

23        Local Rule 110 provides that "failure of counsel or of a party to comply with these

24 Rules or with any order of the Court may be grounds for imposition by the Court of any and

25 all sanctions . . . within the inherent power of the Court." District courts have the inherent

26 power to control their dockets and "in the exercise of that power, they may impose

27 sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing

28 Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,

1   based on a party's failure to prosecute, failure to obey a court order, or failure to comply

2   with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal

3   for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.

4   1992) (dismissal for failure to comply with an order requiring amendment of a complaint);

5   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

6   comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

7   (dismissal for lack of prosecution and failure to comply with local rules).

8          In determining whether to dismiss an action for lack of prosecution, failure to obey a

9   court order, or failure to comply with local rules, the Court must consider several factors: (1)

10  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

11  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

12  of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782

13  F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at

14  1260-61; Ghazali, 46 F.3d at 53.

15         In the instant case, the public's interest in expeditiously resolving this litigation and

16  the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk

17  of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury

18  arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v.

19  Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring

20  disposition of cases on their merits -- is outweighed here because Plaintiff has failed to

21  comply with the Court's order that he file a civil rights complaint. Notwithstanding repeated

22  extensions of time totaling over three months, Plaintiff has before the Court no pleading

23  and no cognizable claim for relief against any named defendant. Finally, as for the

24  availability of lesser sanctions, at this stage in the proceedings there is little available which

25  would constitute a satisfactory lesser sanction while preserving scarce Court resources.

26  Plaintiff has not paid the filing fee for this action and is likely unable to pay, making

27  monetary sanctions of little use.

28

1          **B.      No Good Cause for Failure to Comply**

2                  Plaintiff does not suggest any justification for continuing this action.  Notwithstanding

3    that he has been given pleading instructions, advised as to the necessary form of a proper

4    pleading, and received repeated extensions of time totaling over three months, Plaintiff has

5    failed to comply with the Court order that he file a proper pleading in this action. He does

6    not identify any impediment that would prevent him from complying. The assertions  in his

7    letter do not suggest a factual basis for any potentially  cognizable claim against any

8    named defendant. His  argument for appointment of counsel has been evaluated  and

9    denied. (ECF No. 20.) His motion for injunctive relief has been denied. (ECF No. 44.) He

10   has provided nothing to the Court that might be said to militate against dismissal.

11   **IV.     LEGAL CONCLUSIONS AND RECOMMENDATIONS**

12                 Plaintiff has not shown good cause in avoidance of dismissal and has not filed a civil

13   rights complaint as ordered. The undersigned recommends that the action be

14   DISMISSSED WITHOUT PREJUDICE with any and all pending motions terminated and the

15   case closed.

16                 These findings and recommendations will be submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

18   fourteen (14) days after being served with these findings and recommendations, the parties

19   may file written objections with the Court. The document should be captioned "Objections

20   to Magistrate Judge's Findings and Recommendations." A party may respond to another

21   party's objections by filing a response within fourteen (14) days after being served with a

22   copy of that party's objections. The parties are advised that failure to file objections within

23   the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst,

24   951 F.2d 1153 (9th Cir. 1991).
     IT IS SO ORDERED.
25

26       Dated:   __January 23, 2014__        ___/s/ *Michael J. Seng*___

27                                            UNITED STATES MAGISTRATE JUDGE

28

                                              4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28